UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOSE GREGORIO LOPEZ,

      Plaintiff,

v.

SOHAM PIES LLC,
RITESH N. PATEL,

      Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, JOSE GREGORIO LOPEZ, brings this action against Defendants, SOHAM PIES LLC and RITESH N. PATEL, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff JOSE GREGORIO LOPEZ was a resident of the State of Florida and an "employee" of Defendant as defined by the FLSA.

3. At all times material hereto, Defendant, SOHAM PIES LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of food distribution, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4. Defendant, RITESH N. PATEL, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, SOHAM PIES LLC; said Defendant acted and acts directly in the interests of Defendant, SOHAM PIES LLC, in relation to said co-

Defendant's employees. Defendant effectively dominates SOHAM PIES LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, RITESH N. PATEL was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

5. Defendant, SOHAM PIES LLC, Soham Weston D/B/A Marco's Pizza, and other pizza restaurants operated in South Florida by Ritesh Patel are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

6. In justifiable reliance upon Defendants' representations and promises, Plaintiff JOSE GREGORIO LOPEZ accepted employment and began working for Defendants as a general worker.

7. Defendant did not pay Plaintiff the full and proper minimum wages for every hour worked throughout Plaintiff's employment.

8. Defendant did not pay Plaintiff the full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for every hour worked over 40 each week.

9. Defendant did not pay Plaintiff 1.5 times the proper minimum wage rate for every hour worked over 40 each week.

10. The records, if any, concerning the date range of Plaintiff's employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendant; however, Plaintiff has attached a statement of claim as Exhibit A to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

11. Defendant has knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

12. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

13. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

14. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

15. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

16. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791